IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEREMY RASKIEWICZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendants. | CV 14-00258-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Jeremy Raskiewicz's proposed Complaint (Doc. 1) and Motion for Leave to Proceed in Forma Pauperis (Doc. 2). The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Raskiewicz's application should be denied for two reasons.

First, Raskiewicz's application to proceed in forma pauperis is insufficient as he has failed to file a copy of his inmate trust account statement for the six-

1

months immediately preceding the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2).

Secondly, Raskiewicz's allegations are nonsensical and frivolous. His "Petition for Redress of Grievances" seeks release from all detainment, full access to his Army pension, social security full retirement benefits, bonus pay from the United States Army, a contract with the Central Intelligence Agency, his Army Veteran identification, full contract benefits, spy status, and exemption from prosecution. (Petition for Redress, Doc. 1.)

The Court is not aware of any statutory or constitutional authority that would authorize the granting of relief based on any discernible factual allegation in Raskiewicz's pleading. To the extent Raskiewicz seeks to challenge state criminal proceedings, those must be pursued by habeas. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").[1]

---

[1]Raskiewicz previously filed a habeas petition in this Court seeking to challenge his current confinement. That petition was dismissed because Raskiewicz had not exhausted his state court remedies before filing his federal habeas petition. Civil Action No. 14-CV-125-M-DLC-JCL.

Given that it appears from the face of the proposed Complaint that this action is frivolous, the motion to proceed in forma pauperis should be denied. *Tripati*, 821 F.2d at 1370.

While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. Raskiewicz has a history of abusing the system and filing repetitive, frivolous lawsuits. Long before he filed this action, Raskiewicz knew, from his previous filings, he probably would not be permitted to proceed in forma pauperis.

Raskiewicz is not entitled to a ten-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the Motion to Proceed in Forma Pauperis (Doc. 2) be denied and this matter dismissed. The Clerk of Court should be directed to terminate all pending motions, close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 23rd day of October, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge